(1 of 8)

Case 5:15-cv-04122-EJD   Document 36   Filed 12/28/18   Page 1 of 8

Entered on Docket
December 31, 2018
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 28 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: DREW NOMELLINI, <br> _____ <br><br> DREW NOMELLINI, <br><br>     Appellant, <br><br> v. <br><br> UNITED STATES INTERNAL REVENUE SERVICE, <br><br>     Appellee. | No. 17-17212 <br><br> D.C. No. 5:15-cv-04122-EJD <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted December 18, 2018[**]
San Francisco, California

Before: CALLAHAN, N.R. SMITH, and MURGUIA, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Drew Nomellini appeals the district court's order, affirming the bankruptcy court's grant of the IRS's motion to dismiss and denial of Nomellini's motion for summary judgment. We affirm.

Confirmation of a Chapter 13 bankruptcy plan vests the property of the estate in the debtor "free and clear of any claim or interest," unless otherwise provided for in the plan. 11 U.S.C. § 1327(c). "Claim" refers to debts that would be discharged under § 1328, while "interest" refers to any liens or interests that would be unaffected by a discharge. *Brawders v. Cty. of Ventura (In re Brawders)*, 503 F.3d 856, 872 (9th Cir. 2007). Generally, a secured creditor's lien will "pass through bankruptcy unaffected, regardless whether the creditor holding that lien ignores the bankruptcy case, or files an unsecured claim when it meant to file a secured claim, or files an untimely claim after the bar date has passed." *Id.* at 867-68. For a debtor to avoid a creditor's lien or otherwise modify the creditor's in rem rights, the debtor's confirmed plan must do so explicitly and provide the creditor with adequate notice that its interests may be impacted. *Id.* at 873. Any ambiguity in the plan will be interpreted against the debtor. *Id.* at 867.

Here, the IRS debt was secured by a perfected pre-petition lien attached to Nomellini's real property. Nomellini's confirmed Chapter 13 bankruptcy plan recognized the IRS's secured claim. The plan did not avoid the tax lien. In fact, it

made no reference to the IRS's tax lien nor did it make any indication of Nomellini's intent to avoid that lien.[1] Because the plan did not explicitly avoid the IRS's tax lien nor otherwise attempt to modify the IRS's in rem rights, that lien passed through bankruptcy unaffected and remained in full force and effect at the time Nomellini sought to sell his home. Per the stipulated agreement between Nomellini and the IRS, the home was sold free and clear, and the tax lien attached to the proceeds of the sale. The district court did not err in affirming the bankruptcy court's decision that the IRS was entitled to have the remaining debt fully paid from the sale proceeds.

Additionally, the bankruptcy court did not err in allowing the IRS to facilitate the collection of its lien by filing an amended claim. Nomellini entered into a stipulated agreement with the IRS that the sale proceeds would be held in escrow pending the court's determination of the continued validity and extent of the tax lien. When the bankruptcy court determined that the IRS's tax lien had passed through bankruptcy unaffected, the court allowed the IRS to amend its claim to the full remaining unpaid debt. Allowance of the amended claim was not reviewed separately, but rather treated as a ministerial matter to allow the

---

[1] Significantly, the confirmed plan explicitly stated Nomellini's intent to value and avoid the liens of two other creditors. However, the IRS tax lien was not mentioned.

bankruptcy trustee to disperse funds in accordance with the bankruptcy court's order. Nomellini does not argue that allowance of the amended claim was an improper procedural vehicle; instead, Nomellini again argues that the IRS is not entitled to payment beyond what it was provided in the confirmed plan. However, because we have already determined that the IRS is entitled to the full value of the lien, this argument is unavailing.

    **AFFIRMED.**

# United States Court of Appeals for the Ninth Circuit

## Office of the Clerk
95 Seventh Street
San Francisco, CA 94103

## Information Regarding Judgment and Post-Judgment Proceedings

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate ECF system or, if you are a pro se litigant or an attorney with an exemption from using appellate ECF, file one original motion on paper.

**Petition for Panel Rehearing  (Fed. R. App. P. 40; 9th Cir. R. 40-1)**
**Petition for Rehearing En Banc (Fed. R. App. P. 35; 9th Cir. R. 35-1 to -3)**

(1)  A.   **Purpose (Panel Rehearing):**
- A party should seek panel rehearing only if one or more of the following grounds exist:
    ▶ A material point of fact or law was overlooked in the decision;
    ▶ A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
    ▶ An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

   B.   **Purpose (Rehearing En Banc)**
- A party should seek en banc rehearing only if one or more of the following grounds exist:

- ▶ Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
- ▶ The proceeding involves a question of exceptional importance; or
- ▶ The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2) Deadlines for Filing:**
- A petition for rehearing may be filed within 14 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- *See* Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-2.

**(3) Statement of Counsel**
- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4) Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms*.
- You may file a petition electronically via the appellate ECF system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

**Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)**
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms*.

**Attorneys Fees**
- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-7806.

**Petition for a Writ of Certiorari**
- Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov

**Counsel Listing in Published Opinions**
- Please check counsel listing on the attached decision.
- If there are any errors in a published <u>opinion</u>, please send a letter **in writing within 10 days** to:
  - ► Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Jean Green, Senior Publications Coordinator);
  - ► and electronically file a copy of the letter via the appellate ECF system by using "File Correspondence to Court," or if you are an attorney exempted from using the appellate ECF system, mail the Court one copy of the letter.

Post Judgment Form - Rev. 12/2018

3

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 10. Bill of Costs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form10instructions.pdf

**9th Cir. Case Number(s)** [              ]

**Case Name** [              ]

The Clerk is requested to award costs to (*party name(s)*):

[                              ]

I swear under penalty of perjury that the copies for which costs are requested were actually and necessarily produced, and that the requested costs were actually expended.

**Signature** [              ]   **Date** [              ]

(use "s/[typed name]" to sign electronically-filed documents)

| COST TAXABLE | REQUESTED (each column must be completed) | | | |
|---|---|---|---|---|
| DOCUMENTS / FEE PAID | No. of Copies | Pages per Copy | Cost per Page | TOTAL COST |
| Excerpts of Record* | | | $ | $ |
| Principal Brief(s) (*Opening Brief; Answering Brief; 1st, 2nd , and/or 3rd Brief on Cross-Appeal; Intervenor Brief*) | | | $ | $ |
| Reply Brief / Cross-Appeal Reply Brief | | | $ | $ |
| Supplemental Brief(s) | | | $ | $ |
| Petition for Review Docket Fee / Petition for Writ of Mandamus Docket Fee | | | | $ |
| | | | **TOTAL:** | $ |

***Example:*** *Calculate 4 copies of 3 volumes of excerpts of record that total 500 pages [Vol. 1 (10 pgs.) + Vol. 2 (250 pgs.) + Vol. 3 (240 pgs.)] as:*
*No. of Copies: 4; Pages per Copy: 500; Cost per Page: $.10 (or actual cost IF less than $.10);*
*TOTAL: 4 x 500 x $.10 = $200.*

Feedback or questions about this form? Email us at forms@ca9.uscourts.gov

Form 10                                                                                       Rev. 12/01/2018